UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 13, 2021

LETTER TO COUNSEL

    RE:    *Brenda Lee T. v. Kijakazi*[1]
            Civil No. DLB-20-2075

Dear Counsel:

On September 30, 2019, an administrative law judge ("ALJ") determined that Brenda Lee T. was not disabled within the meaning of the Social Security Act during the relevant time frame and denied her claims for Disability Insurance Benefits ("DIB"). ECF 13, at 19, 28. On July 16, 2020, plaintiff petitioned this Court to review the final decision of the Social Security Administration ("SSA") to deny her claims for DIB. ECF 1. I have considered the parties' cross-motions for summary judgment, their memoranda in support, and plaintiff's response. ECF 16, 16-1, 18, 18-1, & 19. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    A.  Background

Plaintiff filed a claim for benefits on February 22, 2017, alleging a disability onset date of February 15, 2017. ECF 13, at 26. On September 30, 2019, when plaintiff was less than five months from turning 55, an ALJ determined that she was not disabled within the meaning of the Social Security Act from February 15, 2017 through the date of the decision and denied her claims for DIB. *See* ECF 13, at 19, 28. The ALJ's September 30, 2019 decision constitutes the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

The ALJ followed the five-step process for determining whether plaintiff was disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ found that, from February 15, 2017 through September 30, 2019 (her alleged onset

---

[1] Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, is substituted as defendant. *See* Fed. R. Civ. P. 25(d).

*Brenda Lee T. v. Kijakazi*
Civil No. DLB-20-2075
December 13, 2021
Page 2

date through the date of the ALJ's decision), plaintiff did not engage in substantial gainful activity. ECF 13, at 21. At step two, the ALJ found plaintiff severely impaired by "degenerative disc disease of the cervical and lumbar spine; right knee degenerative joint disease; right shoulder impingement syndrome; obesity; major depressive disorder; and, generalized anxiety disorder." *Id.* At step three, the ALJ found that these impairments were not, alone or in combination, equivalent to the severity of any listed impairment. *Id.* at 22.

Despite plaintiff's impairments, the ALJ determined she retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid unprotected heights and dangerous moving machinery. The claimant is limited to simple, unskilled, routine, repetitive jobs with occasional interaction with supervisors, coworkers, and the general public. She can have no fast paced or high production quotas. She can work in proximity to but not on joint or shared tasks.

*Id.* at 23. After considering the testimony of a vocational expert ("VE"), the ALJ determined at step four that plaintiff could not perform her past relevant work. *Id.* at 26.

Because plaintiff made a *prima facie* showing of disability, the burden shifted to the Commissioner at step five to show that the plaintiff retained the RFC to perform work available in the national economy and therefore was not disabled within the meaning of the Social Security Act. *Id.* at 27; *see* 20 C.F.R. §§ 404.1512 & 404.1560(c). Relying on the testimony of the VE, the ALJ determined that plaintiff could "perform the requirements of representative occupations such as: marker . . . ; router . . . ; and[] garment sorter," jobs existing in significant numbers in the national economy. ECF 13, at 27. Therefore, the ALJ concluded plaintiff was not disabled. *Id.*

On appeal, plaintiff argues that the ALJ erred by failing to consider plaintiff's borderline advanced age—nearly 55 at the time of the ALJ's decision. ECF 16-1, at 3. Plaintiff claims this legal error requires remand because under the medical-vocational guidelines applicable to people 55 or older, she would have been found disabled as of her 55th birthday. *Id.* I agree that the ALJ's analysis was inadequate for the reasons discussed below. Accordingly, I remand but express no opinion as to plaintiff's ultimate entitlement to benefits.

B. Discussion

If a claimant is unable to perform past relevant work, as is the case here, the ALJ considers the medical-vocational guidelines, otherwise known as the grids, to aid in determining if the claimant can perform other work. 20 C.F.R. § 404.1569. The grids are divided by exertional level of work. They dictate findings of disabled or not disabled based on the claimant's age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). Social Security regulations define a person ages 18 through 49 as a "younger individual," a person ages 50 through 54 as an individual "closely approaching advanced age," and a person age 55 or older as a person of

*Brenda Lee T. v. Kijakazi*
Civil No. DLB-20-2075
December 13, 2021
Page 3

"advanced age." 20 C.F.R. §§ 404.1563, 416.963. In a borderline situation, an ALJ should "not apply the age categories mechanically." *Id.* § 404.1563(b). If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all factors of [the claimant's] case." *Id.*

The regulations do not define the phrase "a few days to a few months." The SSA's Program Operations Manual System ("POMS") and its Hearings, Appeals, and Litigation Law Manual ("HALLEX") both instruct that, despite there being no "precise programmatic definition," a few days to a few months should be considered "a period not to exceed six months." POMS DI 25015.006(B); HALLEX I-2-2-42(B)(1). This Court generally has held that an ALJ should consider whether to evaluate a claim using the older age category when the claimant is within approximately six months of reaching the category. *Teresa B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2280, 2019 WL 2503502, at *4 (D. Md. June 17, 2019) (remanding where claimant was five months away from older age category); *Bell v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1351, 2017 WL 2416906, at *2 (D. Md. June 2, 2017) (affirming denial of benefits where claimant was eight months away from older age category); *Flamer v. Comm'r, Social Sec. Admin.*, No. SAG-14-2260, 2015 WL 2345543, at *3 (D. Md. May 14, 2015) (denying appeal where claimant was one year away from an older age category); *Handley v. Colvin*, No. TMD-13-991, 2014 WL 4467822, at *9 (D. Md. Sept. 8, 2014) (concluding that "[t]he borderline range falls somewhere around six months from the older age category," but denying appeal because ALJ considered grid rule for the older age category) (citations omitted); *France v. Apfel*, 87 F. Supp. 2d 484, 492 (D. Md. 2000) (remanding where claimant was five months away from older age category).

Of course, the ALJ was not required to apply the "advanced age" category simply because plaintiff was five months away from reaching it. *See Jackson v. Sullivan*, 960 F.2d 146, 1992 WL 78816, at *3 (4th Cir. 1992) (unpublished table decision) (holding a claimant should not "be moved mechanically to the next age category whenever his chronological age is close to that category") (quoting *Crady v. Sec'y of Health & Human Servs.*, 835 F.2d 617, 622 (6th Cir. 1987)). But, the regulations do require that in borderline situations, if the older age category would result in a finding of disability, the ALJ "consider whether to use the older age category after evaluating the overall impact of all the factors of [the] case." 20 C.F.R. § 404.1563(b).

Here, plaintiff was approximately 54-years-and-seven-months old at the time of the ALJ's decision—a mere five months away from being considered of "advanced age" under the regulations. The ALJ made an explicit finding that plaintiff was 52 years old at the time of her alleged disability onset date, placing her in the category of an individual "closely approaching advanced age." ECF 13, at 26. The ALJ did not consider plaintiff's age at the time of the ALJ's decision. This was error. The regulations require the ALJ to use each of the age categories that applied to plaintiff during the period for which the ALJ must determine if plaintiff was disabled, which extended to the date of the decision, September 30, 2019. *See* 20 C.F.R. § 404.1563(b). The ALJ did not consider whether to evaluate plaintiff's claim for disability using the grids for "advanced age." This error was not harmless. If the ALJ had considered plaintiff an individual of "advanced age," the grids would have directed a finding of "disabled" because she had a limited

*Brenda Lee T. v. Kijakazi*
Civil No. DLB-20-2075
December 13, 2021
Page 4

education, could perform only unskilled work, and was limited to light work.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Tbl. No. 2.  Therefore, the ALJ was obligated to consider whether the factors in plaintiff's case warranted use of the older age category.  *See* 20 C.F.R. § 404.1563(b).

      The Court will not accept the Commissioner's request to "evaluat[e] the overall impact of all the factors of [the] case." 20 C.F.R. § 404.1563(b); *see* ECF 18-1, at 6–8.  It is not "the province of the district court [ ] to engage in these exercises in the first instance . . . ." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).  Accordingly, this case must be remanded for further explanation because the ALJ failed to consider whether to use the older age category after evaluating the overall impact of the factors on plaintiff's case.

      For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 16, is denied, and defendant's motion for summary judgment, ECF 18, is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis.  The case is remanded for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

      Sincerely yours,

      /S/
      Deborah L. Boardman
      United States District Judge